PROB 12C
(7/93)

# United States District Court

for

## District of New Jersey

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Leroy Jackson                                           Cr.: 02:06-CR-0004-JLL

Name of Original Judicial Officer:   Honorable James H. Hancock, USDJ, Northern District of Alabama
Current Judicial Officer:   Honorable Jose L. Linares, USDJ, District of New Jersey

Date of Original Sentence: 10/30/91
Date of Jurisdiction Transfer: 01/23/06

Original Offense:   Counts 1 and 2 - Assaulting a Federal Officer and Use of Dangerous Weapon
                    Count 3 - Assaulting a Federal Officer
                    Count 5 - Malicious Mischief

Original Sentence:  70 months imprisonment on counts one and five; 36 months imprisonment on counts two and three, all to run concurrently to one another and consecutively to any other federal prison term being served; 3 years supervised release on all counts, concurrent.

Type of Supervision: Supervised Release                        Date Supervision Commenced: 05/10/05

Assistant U.S. Attorney: to be assigned                        Defense Attorney: to be assigned

---

### PETITIONING THE COURT

[X]  To issue a warrant
[ ]  To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number       Nature of Noncompliance

1                      The offender has violated the supervision condition which states '**You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.**'

                       On April 27, 2007, the offender tested positive for cocaine via instant testing procedures.  The specimen was forwarded to Kroll Laboratory for testing procedures under C00799684 and proved positive for cocaine.

                       On May 18, 2007, the offender tested positive for cocaine usage via instant testing procedures.  The specimen was forwarded to Kroll Laboratory under C00799689 and proved positive for cocaine.

                       On May 25, 2007, the offender tested positive for cocaine usage via instant testing procedures.  The specimen was forwarded to Kroll Laboratory under

C00799691 and proved positive for cocaine. The laboratory results noted "specific gravity too high," which suggests the offender tampered with the specimen by either ingesting a product to reduce the chance of a positive laboratory result or through some other manner.

On August 1, 2007, the offender tested positive for cocaine and marijuana usage via instant testing procedures. The specimen was forwarded to Kroll Laboratories under C0044177 and proved positive for cocaine and marijuana.

During a home visit conducted on September 17, 2007, the offender admitted he had smoked marijuana the previous week on either Wednesday or Thursday (September 12 or 13, 2007).

2   The offender has violated the supervision condition which states '**You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.**'

The offender failed to report to the probation officer as directed on March 14, May 14, June 14, June 26, and July 23, 2007.

The offender failed to submit monthly supervision reports for December 2006, and January through August of 2007.

3   The offender has violated the supervision condition which states '**You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**'

On August 10, 2007, the probation officer directed that the offender's treatment would increase to include drug counseling. The probation officer arranged for the offender to commence treatment on Tuesday evenings from 7:00 p.m. to 8:30 p.m. with Dr. Samaroo. Jackson was already attending mental health counseling with Dr. Samaroo twice monthly (appointments scheduled at the offender's convenience). The probation officer suggested he package his treatment to Tuesday evenings in an effort to reduce the number of treatment visits. Jackson insisted he could not comply with this directive due to work commitments. The offender refused to sign the treatment plan on that date and left the office without further discussion. On August 23, 2007, the probation officer again requested the offender comply with this directive, at which time Jackson indicated he would not and desired to explain so to the Court.

4   The offender has violated the supervision condition which states '**The defendant shall participate in a mental health program for evaluation and/or treatment as directed by the U.S. Probation Office. The defendant shall remain in treatment until satisfactorily discharged and with the approval of the U.S. Probation Office.**'

The offender is required to attend two counseling sessions per months with Dr. Samaroo. In July 2007 the offender attended treatment on July 12, 2007; however, he failed to attend treatment on any other date.

| | |
|---|---|
| 5 | The offender has violated the supervision condition which states '**The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.**' |

The offender was directed to submit to urinalysis through a Code A Phone, random testing system. This requires the offender to call a toll free number once daily to ascertain if he must report the following date to submit to urinalysis. Jackson was placed in this program following a positive urine specimen for cocaine. The offender has failed to report to Parkside Recovery for submission of urine samples on several occasions, specifically September 6, 13, and 18, 2007.

On September 17, 2007, during a home visit, the probation officer requested the offender provide a urine sample and the offender indicated he refused to provide any urine samples until he is heard by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

By: Sharon O'Brien
Senior U.S. Probation Officer
Date:  09/26/07

THE COURT ORDERS:

[ ]  The Issuance of a Summons.  Date of Hearing:
[✗]  The Issuance of a Warrant
[ ]  No Action
[ ]  Other

Signature of Judicial Officer

10-23-2007
Date