PROB 12C
(7/93)

# United States District Court

## for

## District of New Jersey

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Leroy Jackson                                          Cr.: 02:06-CR-0004-JLL

Name of Original Judicial Officer:   Honorable James H. Hancock, USDJ, Northern District of Alabama
Current Judicial Officer:   Honorable Jose L. Linares, USDJ, District of New Jersey

Date of Original Sentence: 10/30/91
Date of Jurisdiction Transfer: 01/23/06

Original Offense:   Counts 1 and 2 - Assaulting a Federal Officer and Use of Dangerous Weapon
                    Count 3 - Assaulting a Federal Officer
                    Count 5 - Malicious Mischief

Original Sentence:  70 months imprisonment on counts one and five; 36 months imprisonment on counts two and three, all to run concurrently to one another and consecutively to any other federal prison term being served; 3 years supervised release on all counts, concurrent.

Violation of Supervised Release: 02/27/08: Supervision continued; offender to spend the remaining term of supervised release on home confinement with electronic monitoring.

Type of Supervision: Supervised Release                          Date Supervision Commenced: 05/10/05

Assistant U.S. Attorney: to be assigned                          Defense Attorney: to be assigned

### PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number     Nature of Noncompliance

1                    The offender has violated the supervision condition which states '**You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.**'

                     On February 29, 2008, the offender tested positive for cocaine via instant testing procedures. The specimen was forwarded to Kroll Laboratory for testing procedures under C00799684 and proved positive for cocaine.

                     On March 3, 2008, the offender tested positive for marijuana usage via instant testing procedures. The specimen was forwarded to Kroll Laboratory under C00799755 and proved positive for marijuana. The offender also signed an

admission form this date regarding marijuana and cocaine usage.

On March 7, 2008, the offender tested positive for marijuana and cocaine via instant testing procedures. The offender signed an admission form to which he indicated he utilized marijuana and cocaine on March 3, 2008.

2    The offender has violated the supervision condition which states '**You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.**'

The offender failed to report to the probation officer as directed on June 24, June 25, and June 26, 2008. On June 24, 2008, the undersigned telephoned the offender and left a voice mail message indicating the offender must report to the office the following date on June 25, 2008. On June 25, 2008, the probation officer spoke with the offender and requested he come to the office. He refused to do so because he did not have transportation. Instead, the offender agreed to wait at his residence on June 26, 2008, for the probation officer to visit him at home. The probation officer arrived at the residence at 11:00 am and the offender was not at home. A business card was left directing the offender to telephone the probation officer when he returned home. The offender did not call. The probation officer returned to the residence at 5:00 pm and the offender was not at home. The probation officer left a second business card this date indicating the offender must report to the probation office on Friday, June 27, 2008 at 10:00 a.m., and that he must call the probation officer. The offender failed to telephone the undersigned and did not report to the probation office on June 27, 2008.

3    The offender has violated the supervision condition which states '**The defendant is to be confined to his residence for the remaining period of supervised release commencing at the direction of the U.S. Probation Office. The defendant shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures. The defendant shall permit the probation officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. The defendant shall comply with any other specific conditions of home confinement as the probation officer requires. The defendant shall pay the costs of electronic monitoring, specifically $3.18 per day.**'

On February 27, 2008, the offender appeared in Court for a violation of supervised release hearing. The Court ordered the defendant be confined to his residence for the remaining term of supervised release which was determined to conclude on September 14, 2008. During the Court proceeding, the offender represented he had a telephone and could comply with the conditions of home confinement. The offender was released from custody that date. Subsequent attempts to implement the home confinement condition were unsuccessful as the offender's telephone line was not working and reportedly, the telephone company, Cavalier, was not assisting the offender in correcting the problem.


Simultaneously, the offender was testing positive for cocaine usage as noted in Violation number one. On March 13, 2008, he was placed in an in-patient treatment program at Kintock Facility, Bridgeton, New Jersey. The offender was released from the treatment program on May 15, 2008. When told he must comply with the directive of home confinement, the offender advised that he did not have electricity in his home due to non-payment. As of June 26, 2008, the offender continues to maintain he does not have electricity in his home, and therefore the equipment cannot be installed for monitoring. The offender has continually requested additional time to have his electric service restored; however, he has not done so. The offender has been unable to provide any information regarding when his service can be restored. He has not communicated with the undersigned since June 24, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

By: Sharon O'Brien
Senior U.S. Probation Officer
Date:  06/27/08

THE COURT ORDERS:

[ ] The Issuance of a Summons.  Date of Hearing:
[✓] The Issuance of a Warrant
[ ] No Action
[ ] Other

Signature of Judicial Officer

7-2-08
Date