**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

NOT FOR PUBLICATION

LETTER OPINION

March 9, 2009

**VIA U.S. MAIL**
Leroy Glenn Jackson
#02267-158
M.D.C./80-29th Street
Brooklyn, NY 11232

**VIA ELECTRONIC FILING**
Matthew Beck, Assistant United States Attorney

    Re:    United States v. Jackson, No. 06-14 (JLL)

Dear Counsel:

On July 30, 2008, Defendant Leroy Glenn Jackson ("Defendant" or "Jackson") pleaded guilty to possession of a controlled substance. On that same day, the Court sentenced Defendant to a term of imprisonment of eight months followed by twelve months on supervised release. Defendant now brings a pro se motion for reconsideration. (Docket Entry No. 24.)

Local Civil Rule 7.1(i), which applies to criminal actions by virtue of Local Criminal Rule 1.1, sets forth the procedure by which a court may reconsider a prior decision. Rule 7.1(i) reads as follows:

> A motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

L. Civ. R. 7.1(i). Reconsideration, however, is an extraordinary remedy and should be granted "very sparingly." See L.Civ.R. 7.1(i) cmt.6(d); see also Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986). The motion may not be used to re-litigate old matters or argue new matters

that could have been raised before the original decision was reached.  See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Finally, mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Township Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

There are three grounds for granting a motion for reconsideration:  (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  See, e.g., Carmichael v. Everson, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); Brackett v. Ashcroft, No. Civ. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003).

Though the grounds for Defendant's motion are unclear, the Court has thoroughly examined his filing and finds that it raises no issues that would warrant reconsideration or that implicate any of the three grounds listed above.  Thus, Defendant's motion is denied.

**SO ORDERED.**

/s/ Jose L. Linares
United States District Judge